**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| CAROLYN THOMAS, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | FILE NO. _____ |
| AUTO-OWNERS INSURANCE : | |
| COMPANY : | |
| : | |
| Defendant. : | |

## COMPLAINT

COMES NOW Carolyn Thomas ("Plaintiff") and files this, her Complaint, against Auto-Owners Insurance Company ("Defendant"), and states as follows:

### PARTIES

1.

Plaintiff is a resident of Webb, Alabama, with a principal address of 115 Marybeth Lane, Webb, Alabama 36376.

2.

Defendant is an insurance company organized and existing under the laws of the State of Michigan with its principal place of business located at PO Box 30660, Lansing, MI, 48909. Defendant may be served in the State of Georgia by service upon its registered agent CT Corporation System, 1201 Peachtree Street NE, Atlanta, Fulton County, GA 30361.

### JURISDICTION AND VENUE

3.

This Court has jurisdiction over this case sounding in breach of contract. The contract of insurance involved in this case was issued and delivered in the State of Georgia to Plaintiff.

4.

Venue is proper in this Court based on diversity of citizenship pursuant to U.S.C. §1332.

## INTRODUCTION

5.

Plaintiff is a resident of the State of Alabama, with a principal address of 115 Marybeth Lane, Webb, Alabama 36376.

6.

On June 11, 2011, Plaintiff and Defendant entered into a valid and binding contract where in exchange for the payment of a premium, Defendant agreed to provide insurance to Plaintiff for her home located on 425 Moons Bridge Road, Hoschton, Georgia 30548 (the "Property") through a Dwelling Insurance Policy, Policy No. 47-659-496-00 (the "Policy").

7.

Under the section titled Property Protection, the Policy states in part as follows:

```
We cover
(a)  the  dwelling  located  at  the  described  premises,
     including structures attached to that dwelling.  This
     dwelling  must  be  used  principally  as  a  private
     residence.
```

8.

On or about February 19, 2012, Plaintiff experienced a fire at the Property (the "Fire") that wholly destroyed the Property, entitling her to the full limit of liability as provided in the Policy, and as provided in O.C.G.A. § 33-32-5.

9.

Shortly after the Fire, the Fire was promptly reported to Defendant (the "Claim").

10.

After conducting an investigation into the Claim that lasted approximately eight (8) months, Defendant denied coverage of the Claim on October 22, 2012 stating the Fire was intentionally set and that the Property was vacant at the time of the Fire.

11.

The Policy provides for coverage of the Claim, and Defendant's denial is in breach of the Policy and was done in bad faith.

## COUNT I
## BREACH OF CONTRACT

12.

Plaintiff hereby incorporates by reference his allegations set forth above in paragraphs 1 through 11 above.

13.

The Policy constitutes a valid, binding contract on the parties.

14.

Plaintiff has fulfilled her obligations under the Policy and the Policy otherwise provides coverage of the Claim.

15.

Defendant has breached the Policy by refusing to make any payment for the Claim.

16.

As a direct and proximate result of Defendant's breach of the Policy, Plaintiff has been damaged in an amount to be proven at trial, with said amount being no less than $266,000.00.

## COUNT II
## BAD FAITH PENALTIES AND ATTORNEY'S FEES AS TO DEFENDANT

17.

Plaintiff hereby incorporates by reference its allegations set forth above in paragraphs 1 through 16 above.

18.

After denying the Claim on or about October 22, 2012, Plaintiff's counsel, on November 16, 2012, and pursuant to O.C.G.A. 33-4-6, sent written demand to Defendant to pay the Claim, and Defendant has refused to do so.

19.

More than sixty (60) days has elapsed since Defendant received the November 16, 2012 letter, and Defendant has refused to pay the Claim.

20.

The refusal of Defendant to make payment to Plaintiff for the Claim damage done to

constitutes bad faith, and pursuant to O.C.G.A. § 33-4-6, Plaintiff is entitled to recover, in addition to her proven losses, fifty percent (50%) of the liability of Defendant for the damage suffered by Plaintiff and in addition thereto, all reasonable attorney's fees incurred by Plaintiff for the prosecution of this action.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that it be granted judgment in its favor and against Defendant, for:

a. the full amount of the property damage to the Property resulting from the Fire and in accordance with O.C.G.A. § 33-32-5;

b. all additional damages and expenses incurred by Plaintiff resulting from Defendant's failure and refusal to pay the Claim; and

c. bad faith penalties that, in addition to her proven losses, fifty (50%) of the liability of Defendant for the Claim, and in addition thereto, all reasonable attorney's fees incurred by Plaintiff for the prosecution of this action.

**PLAINTIFF REQUESTS A JURY OF TWELVE (12) PERSONS ON THE ISSUES AS JOINED BY THE PLEADINGS.**

Respectfully submitted this 30th day of January 2013.

        MBW LAW, LLC

        s/Michael B. Weinstein
        Michael B. Weinstein
        Georgia Bar No. 746386
        949 Image Avenue – Suite B
        Atlanta, GA 30318
        P (404) 228-2629
        F (888) 231-0613

        *Attorney for Plaintiff*